UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-267-KSF

WALKER JOHNSON, *et al.*                                                    PLAINTIFFS

v.                                        **OPINION & ORDER**

BRACHFELD & ASSOCIATES                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the Plaintiffs, Walker Johnson and Tonya Johnson, for attorney's fees and costs pursuant to the Defendant's offer of judgment [DE #9]. The Defendant, Brachfeld & Associates, opposes the Plaintiffs' motion [DE #10].

This action commenced on August 22, 2011 upon the filing of the Plaintiffs' Complaint asserting a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") [DE #1]. On October 6, 2011, the Defendant tendered an offer of judgment to the Plaintiffs pursuant to Rule 68 of the Federal Rules of Civil Procedure "to allow Plaintiffs to take judgment against Defendant on the following terms: 1. Plaintiffs shall take judgment against Defendant for $1,000." [DE #6]. On October 12, 2011, the Plaintiffs filed their Notice of Acceptance of Offer of Judgment [DE #7].

A judgment was ultimately tendered to the Court, providing: "Upon Plaintiff's acceptance of Defendant's Offer of Judgment, Judgment is hereby entered in favor of Plaintiffs for $1,001 plus costs" [CE #16]. While the tendered judgment is slightly different than the offer of judgment (by $1.00 and the inclusion of costs), both parties have consented to entry of this judgment. On February

1, 2012  the Clerk entered the tendered Judgment [DE #19].

The Court now turns to the Plaintiffs' motion for attorney's fees and costs.  Inasmuch as the Judgment includes the Plaintiffs' costs, the Plaintiffs' motion is moot in that respect and the Plaintiff may file a Bill of Costs in the form prescribed by the Clerk.  The Plaintiffs also seek to recover attorney's fees in the amount of $4,246.00 based on a total of 17.20 hours of attorney time at hourly rates ranging from $210.00 per hour to $350.00 per hour.  The Defendant objects, arguing that the offer of judgment, on its face, did not include attorney's fees and costs.  Additionally, the Defendant contends that the amount of attorney's fees requested is excessive in light of the small recovery in this case.

In order to determine whether or not the Plaintiffs are entitled to attorney's fees and costs, the Court turns to Rule 68 of the Federal Rules of Civil Procedure, which governs offers of judgment.  Rule 68 provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on opposing party an offer to allow judgment on specified terms, with costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed.R.Civ.P. 68.  In *Marek v. Chesny*, 471 U.S. 1 (1985), the Supreme Court considered whether "costs" included attorney's fees under Rule 68.  The Court arrived at two significant holdings: First, under Rule 68, a valid offer of judgment always includes all costs (whether or not it so specifies) because Rule 68 authorizes such an offer only with costs then accrued.  *See Marek*, 473 U.S. at 6. Second, the Court held that "costs" includes attorney's fees only if such fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised.  *See id.*  Thus, under *Marek*, the Court must examine the particular statutes under which the plaintiff brought suit to determine whether these costs include an award for attorney's fees.

Among the damages that can be awarded under the FDCPA are ". . . the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ." 15 U.S.C. § 1692k(a)(3). By its own terms, the FDCP separates costs from attorney's fees. "Simply stated, the words 'together with' are substantively and critically different from the phrase 'as part of.' Whereas the later phrase plainly encompasses attorney's fees within the universe of awardable costs, the former connotes that costs and fees are distinct entities that are commonly awardable." *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1334 (11th Cir. 2002). The FDCPA is distinguishable from other statutes that group attorney's fees and costs together, including 42 U.S.C. § 1988 and 17 U.S.C. § 505, which provide that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) and 17 U.S.C. § 505. As a result, the Plaintiffs are not entitled to recover their attorney's fees in this action.

Accordingly, the Court being fully and sufficiently advised, hereby **ORDERS** that the Plaintiffs' motion for costs [DE #9] is **PASSED AS MOOT** and the Plaintiffs' motion for attorney's fees [DE #9] is **DENIED**.

This February 2, 2012.



**Signed By:**

*Karl S. Forester*  $\mathsf{KSF}$

**United States Senior Judge**